REQUESTED BY: Senator Vard R. Johnson Nebraska State Legislature Room 2108 State Capitol Bldg. Lincoln, NE 68509
Dear Senator Johnson:
You have submitted to us some proposed amendments to LB 835. One of these amendments would reduce the period of time within which a taxpayer may demand the refund of an invalid tax from two years to 30 days after the payment thereof. The statute provides that if the same is not refunded within 90 days after such demand, suit may be brought against the County Treasurer for the amount so demanded. You asked whether it is constitutionally permissible for the Legislature to reduce this time, in view of the fact that such reduction will prevent taxpayers who have paid such taxes during the past two years from having an opportunity to claim refunds. We conclude that such a provision would violate due process.
We have discovered only one very old Nebraska case on the subject, Horbach v. Miller, 4 Neb. 31 (1875). In that case, the court said:
 "We think the rule is correctly laid down in the case of Bigelow v. Bemen, 2 Allen, 497, as follows: `It is well settled that it is competent for the legislature to change statutes prescribing limitations to actions, and that the one in force at the time suit is brought is applicable to the cause of action. The only restriction on the exercise of this power is, that the legislature cannot remove a bar or limitation which has already become complete, and that no limitation shall be made to take effect on existing claims without allowing a reasonable time for parties to bring action before these claims are absolutely barred by a new enactment.'"
In 16A Am.Jur.2d, page 657, Constitutional Law, § 672, we find:
 As a general rule, a statute of limitations which operates only prospectively is not considered to impair vested rights. However, a legislature has no power to interfere with vested rights after suit has been commenced; thus, a statute of limitations under no circumstances can operate retroactively to the extent of defeating actions and other proceedings which have been commenced prior to its enactment, and if the statute operates immediately to cut off the existing remedy, or within so short a time as to give the party no reasonable opportunity to exercise his remedy, then the retroactive application of it is unconstitutional as to such party.
As we understand the proposed amendment, a payment of invalid taxes made a year ago, as to which no demand for refund had been made on the effective date of the bill would be immediately cut off. We believe this would be a violation of the Constitution, and that the holders of such claims must be given a reasonable time after the effective date of the act within which to present their claims to the County Treasurer.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Ralph H. Gillan Assistant Attorney General